IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

OWEN PEMBERTON,

          Plaintiff,

v.                                  CIVIL ACTION NO.   5:11-cv-00630

US BANK,

          Defendant.


**MEMORANDUM OPINION AND ORDER**

The Court has reviewed Defendant *U.S. BANK NATIONAL ASSOCIATION, ND'S PARTIAL MOTION TO DISMISS* (Document 4) filed on September 19, 2011. After careful consideration of the motion, supporting memorandum and Plaintiff's Complaint, the Court grants Defendant's partial motion to dismiss for the reasons set forth below.

                                    *I.*      *FACTUAL BACKGROUND & PROCEDURAL HISTORY*

On August 23, 2011, Plaintiff, Owen Pemberton, filed suit against Defendant, U.S. Bank National Association, in the Circuit Court of Raleigh County, West Virginia. (Compl.)   Plaintiff alleges violations of the West Virginia Consumer Credit and Protection Act ("WVCCPA") (Count I), Negligence (Count II), Intentional Infliction of Emotional Distress (Count III), Negligent Infliction of Emotional Distress (Count IV), and Invasion of Privacy (Count V).

Plaintiff asserts that he is a "person" and Defendant is a "debt collector" covered under the WVCCPA. (Compl. ¶¶ 2,4.)   Plaintiff specifically alleges that Defendant violated the WVCCPA

by the use of telephone calls and mail directed to him after he retained legal counsel. (Compl. ¶¶ 5,6.) He claims that he informed Defendant that he was represented by counsel and provided Defendant the name and telephone number of his counsel. (Compl ¶ 7.) Plaintiff further alleges that Defendant repeatedly called his home and place of employment subsequent to Defendant receiving notification that he retained counsel. (Compl. at ¶¶ 7-10.)

On September 16, 2011, Defendant timely removed this action to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C § 1332. On September 19, 2011, Defendant filed its partial motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Document 4). Defendant moves for dismissal of Counts II (Negligence), III (Intentional Infliction of Emotional Distress), IV (Negligent Infliction of Emotional Distress), and V (Invasion of Privacy) on the ground that personal injury damages are barred by the WVCCPA. *Id*. Defendant also argues that Counts II, III and IV are all based upon conduct that, if proven, constitutes violation of the WVCCPA. (Document 5 at 2-3). Further, Defendant contends that Count V (Invasion of Privacy) is merely based on the incorporation of the previous paragraphs in the complaint, and Plaintiff "alleges no facts, outside of the alleged violation of the WVCCPA as contained in Count I of the Complaint. . . ." *Id*. at 3. In sum, Defendant maintains that because "the common law causes of action asserted in Plaintiff's Complaint, specifically Counts II, III, IV, and V, are not separate and apart from actions that, if proven, would constitute violations of the WVCCPA, they must be dismissed." *Id*. at 5. Additionally, Defendant argues that "the WVCCPA provides a complete defense to a consumer's claims arising out of a personal injury." *Id*. at 8. To date, Plaintiff has not filed a response to Defendant's motion.

## II.     MOTION TO DISMISS STANDARD

Under Rule 8(a)(2), a plaintiff must provide a "short and plain statement of the claim showing . . . entitle[ment] to relief," and is not required to plead specific facts in the complaint. Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests'." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). This standard "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555 (internal citations omitted); *see also Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (stating that "the Rule does call for sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."). A defendant may challenge the complaint under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted . . .." Fed. R. Civ. P. 12(b)(6).

In reviewing a motion to dismiss under Rule12(b)(6), the Court must "accept as true all of the factual allegations contained in the complaint." *Erikson v. Pardus*, 551 U.S. 89, 93 (2007). The Court must also "draw[ ] all reasonable factual inferences from those facts in the plaintiff's favor . . .." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). "[D]etermining whether a complaint states a plausible claim is context-specific, requiring the reviewing court to draw on its experience and common sense." *Iqbal*, 129 S.Ct. at 1950.

## III.     APPLICABLE LAW AND ANALYSIS

Defendant argues that Plaintiff's common law allegations, contained in Counts II, III, IV and V, must be separate and apart from actions that would constitute violations of the WVCCPA in order to be actionable. Specifically, Defendant relies on *Casillas v. Tuscarora Land Co.*, 412

3

S.E.2d 792 (W.Va. 1991). In *Casillas*, the court held "that a common law action of fraud may be maintained against a lender, assignee, or holder where direct allegations of fraud or misrepresentation exist separate from the Act." *Id*. at 795. Defendant argues that Plaintiff may pursue common law claims "[o]nly when the [c]ommon [l]aw actions exist solely and independently from the alleged violation of the WVCCPA . . . [.]" (Document 5 at 5).

In *Casillas*, the plaintiffs alleged breach of duty, negligence, concealment, and fraud against the defendants, a seller of real property and the bank that financed the sell. *Id*. at 793. The bank pled an affirmative defense that the WVCCPA barred the plaintiff's claims. *Id*. The trial court directed a verdict in favor of the bank reasoning that a lender could not be liable for claims arising out of damage to property under the WVCCPA. The West Virginia Supreme Court of Appeals overturned the directed verdict and held that the WVCCPA "does not preclude claims brought at common law against assignees, holder, or lenders." *Id*. at 795. Further, the court found that "[n]othing within the Act's limitation of liability provisions provides immunity at common law for the misconduct of a lender, assignee, or holder which results in damages." *Id*. Finally, the court held "that a common law action of fraud may be maintained against a lender, assignee, or holder where direct allegations of fraud or misrepresentation exist separate from the Act." *Id*.

Defendant contends *Casillas* stands for the proposition that Plaintiff's claims must be factually separable from the statutory claims that arise under the WVCCPA. (Document 5 at 5-8). In support of this position, Defendant cites *Daniels V. JP Morgan Chase & Co.*, 2011 WL 2489938 (S.D. W. Va. 2011). In *Daniels*, the court dismissed the plaintiffs' negligence claim because "[t]he plaintiffs … failed to plead any claims in Count II that are actionable independent of the WVCCPA." *Id*. at *3. This Court has also reviewed the opinion in *Bailey v. Branch*

*Banking & Trust Co.*, 2011 WL 2517253 (S.D. W. Va. 2011). In that case, the plaintiff filed an action against the defendant, alleging violations of the WVCCPA and also alleging common law claims of negligence, intentional infliction of emotional distress, negligent infliction of emotional distress and invasion of privacy. The defendant sought summary judgment on the common law claims because the plaintiff had "made no direct and separate allegations from his claims under the WVCCPA." *Id*. at 2*  In *Bailey*, the court concluded "[i]t would be contrary to both the legislative intent of the WVCCPA and the whole crux of *Casillas* if the Court were to preclude consumers from bringing actions for violations of the WVCCPA and common law merely because the claims are based upon similar facts." *Id*. at *3. The court recognized that the WVCCPA and common law claims would likely have substantially similar facts in debt collection cases, but concluded "[n]either the WVCCPA nor *Casillas* makes a consumer choose between the two options." *Id*.

This Court finds that given the court's ruling in *Casillas,* a plaintiff's WVCCPA and common law claims can clearly be based on the same or similar facts. However, the common law claim or claims must exist separate from the Act. In other words, this Court finds that the common law claims must be supported by the particular facts of the case, and these claims must be separate or distinct from the claims contained in the Act. This finding is wholly consistent with the Cassillas court's discussion regarding the limitation of liability provisions found in the Act. With this in mind, we look to the sufficiency of Counts II, III, IV and V of the Plaintiff's complaint.

### A. Count II (Negligence Claim)

To maintain a negligence action, a plaintiff must allege "that the defendant has been guilty of some act or omission in violation of a duty owed to the plaintiff." A*ikens v. Debow*, 541 S.E.2d

5

576, 580 (W.Va. 2000).  Furthermore, a plaintiff must allege that the defendant's negligence was the proximate cause of the plaintiff's injury. *Id.* at 491.  In his complaint, Plaintiff does not allege that Defendant owed him a duty.  However, Plaintiff alleges "Defendant negligently failed to train[,] supervise, monitor or otherwise control its employees to ensure that its employees did not violate the WVCCPA as alleged in Count I." (Compl. ¶ 15.)  In view of the express terms of the complaint and accepting all factual allegations as true, the Court finds that Plaintiff has failed to allege a claim of negligence which is separate from the Act.  Accordingly, Plaintiff's negligence claim is dismissed without prejudice for failure to state a claim upon which relief can be granted.

### B.  Count III *(Intentional Infliction of Emotional Distress Claim)*

Plaintiff's complaint alleges that "[t]he conduct of Defendant as aforesaid was outrageous and thus constitutes the tort of intentional infliction of emotional distress." (Compl. ¶ 18.)  To maintain an IIED claim, a plaintiff must prove four elements. First, a plaintiff must prove a "defendant's conduct was . . . so extreme and outrageous as to exceed the bounds of decency." Syl. pt. 3, *Travis v. Alcon Laboratories, Inc.*, 504 S.E.2d. 419 (W.Va. 1998).  Second, a plaintiff must prove "that the defendant acted with the intent to inflict emotional distress, or acted recklessly when it was certain or substantially certain emotional distress would result from his conduct." *Id*.  Third, a plaintiff must prove "that the actions of the defendant caused the plaintiff to suffer emotional distress." *Id*.  Finally, a plaintiff must prove "that the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it." *Id*.  Giving consideration to the alleged facts and the Plaintiff's duty with respect to pleading, the Court finds that this claim exists separate from the WVCCPA and should not be dismissed.

### C.  Count IV (Negligent Infliction of Emotional Distress Claim)

To support a claim for negligent infliction of emotional distress, a plaintiff must prove that she witnessed "a person closely related [her] suffer critical injury or death as a result of defendant's negligent conduct." Syl. pt. 2, *Heldreth v. Marrs*, 425 S.E.2d 157 (W. Va. 1992.)   A plaintiff must prove that her presence was reasonably foreseeable to the defendant. *Id*.  A plaintiff must also prove that her serious emotional distress was a direct and proximate result of her witnessing the closely related victim's critical injury or death. *Id*.   Plaintiff alleges "[t]he Defendant's conduct as aforesaid constitutes negligent infliction of emotional distress under West Virginia Law." (Compl. ¶ 22.)   Although such a claim could be separate from the WVCCPA, accepting as true all factual allegations contained in Plaintiff's complaint, the Court finds that Plaintiff has failed to allege the necessary facts to state a claim upon which relief can be granted with respect to this claim.   Thus, the Court finds the claim should be dismissed without prejudice.

### D.  Count V (Invasion of Privacy)

In West Virginia, there are at least four bases to support a claim for an invasion of privacy. Invasion of privacy includes "(1) an unreasonable intrusion upon the seclusion of another; (2) an appropriation of another's name or likeness; (3) unreasonable publicity given to another's private life; and (4) publicity that unreasonably places another in a false light before the public." Syl. pt. 8, *Crump v. Beckley Newspapers, Inc.,* 320 S.E.2d 70 (W.Va. 1984).   Again, given the factual allegations and Plaintiff's duty with respect to pleading, and further, accepting all factual allegations as true, the Court finds that this claim exists separate from the Act and should not be dismissed.

Defendant also argues that West Virginia Code § 46A-2-103(g) precludes a plaintiff from recovery based upon personal injury, thereby barring recovery under his common law claims. (Document 5 at 8). In support, Defendant relies on specific statutory language that states: "[n]otwithstanding any provisions of this section, a lender shall not be subject to any claim or defense arising from or growing out of personal injury or death resulting therefrom or damage to property." W. Va. Code § 46A-2-103(g). This is the exact same language found in W. Va. Code § 46A-2-101(8), which was relied upon by the lower court in *Casillias* as the basis for directing a verdict in favor of the defendant. [1] *Casillias* at 794. In *Casillias*, the court held "the defenses of the [WVCCPA] are not available to either party under the common law action." *Id*. at syl. pt. 2. Thus, the Court finds the identical language cited and argued by Defendant as a defense to Plaintiff's common law claim was rejected by the court in *Casillias* as a defense to common law actions. Accordingly, Defendant's motion to dismiss Plaintiff's common law claims as barred by West Virginia Code § 46A-2-103(g) should be denied.

### IV.   CONCLUSION

WHEREFORE, as discussed herein, the Court does hereby **ORDER** that Defendant's *Partial Motion to Dismiss* (Document 4) be **GRANTED IN PART AND DENIED IN PART.** Specifically, the Court **ORDERS** that the motion be **GRANTED** as to Count II (Negligence) and

---

[1] W. Va. Code § 46A-2-101(8) provides "[n]otwithstanding any provisions of this section, a *holder* shall not be subject to any claim or defense arising from or growing out of personal injury or death resulting therefrom or damage to property." (emphasis added). *Cf*. W. Va. Code § 46A-2-103(g) provides "[n]otwithstanding any provisions of this section, a *lender* shall not be subject to any claim or defense arising from or growing out of personal injury or death resulting therefrom or damage to property." (emphasis added).

Count IV (Negligent Infliction of Emotional Distress) of the Complaint, and that said Counts be **DISMISSED.** The Court further **ORDERS** that the motion be **DENIED** as to Count III (Intentional Infliction of Emotional Distress) and Count V (Invasion of Privacy)**.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: January 5, 2012

*[Signature: Irene C. Berger]*
IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA